### JOHN A. PROUTY v. GEORGE W. BELL.

*Highways.    Dedication.    Damages.    Declaration.*

The travel having diverged from a portion of a highway as surveyed, and the owner of the land over which it was laid having fenced up and appropriated that portion and worked the course of the divergence as it was traveled and has since been used by the public as a highway, it was *held* to be a dedication to the public, and a traveler would have the right to use the substituted portion as a highway, though it had not been so used continuously fifteen years.

Neither could the grantee of such owner of the land maintain an action against one for using such substituted portion as a highway, at least until he revoked the license thus given by his grantor and himself; and it is not decided that he could revoke the permission thus given to the public to use the substituted way without restoring the old way.

Where a party alleges, in his declaration, that the injuries were committed between a day named and the date of the writ, he cannot recover in the same suit for injuries after that date.

TRESPASS, with counts in case. Plea, the general issue, and trial by jury, February term, 1871, REDFIELD, J., presiding.

The plaintiff proved that he was the owner, and has been in possession of the premises described in the declaration, since April 1st, 1862, and that the defendant several times passed over plaintiff's land, and the evidence tended to show that the defendant left the gates open, and the bars down, through which cattle passed and injured the plaintiff's crops.

The defendant showed that on the 15th of June, 1847, the selectmen of the town of Newport surveyed and established a pent road, with gates, from the premises now occupied by the defendant across the plaintiff's farm to the highway, at a point some twenty rods north, or west, of the plaintiff's house, and at this intersection a gate was established.

It appeared that, for many years, the travel over the pent road diverged from the survey at the westerly end, and came into the highway near the plaintiff's house, and that portion of the surveyed road from which the travel diverged had been plowed and for many years used as the rest of the farm, and was incapable of being used for a road. The exact time when the travel was thus first diverted was not certain. The most certain evidence was from the plaintiff's witness and grantor, Arnold Prouty, who testified that he bought the plaintiff's farm in November, 1855, and that the travel then diverged as it does now; that the old house, in which the occupants of the plaintiff's farm formerly lived, stood on the pent road, as surveyed; that the present house was built about seventeen or eighteen years ago; that soon after the present house was built the owner of the plaintiff's farm, (Clark,) and the owners of the other farms through which the pent road passed, by mutual concurrence, worked the present traveled road to the highway near the plaintiff's house, and abandoned that section of the surveyed road.

The court charged the jury, among other things not excepted to, that if the plaintiff's grantor, and the other owners of the land

through which the pent road passed, worked this section of new road, as a substitute for the surveyed road, and all travel passed over the substituted section as a portion of the pent road, and as a matter of right, for a period of fifteen years continuously before the trespass complained of, that travelers would acquire the right to pass and repass over the substituted section as they had been accustomed to.

The court further instructed the jury that if the road was substituted and worked by the proprietors, as indicated in the testimony of Arnold Prouty, and the section of the surveyed road, thus abandoned, was fenced up and plowed, so that it could not be traveled, by the action and consent of the plaintiff's grantor and the other proprietors, and all travel continued, by necessity, to take the substituted road, even if less than fifteen years, for instance twelve years, the traveler would have the right to use the substituted road as a part of the pent road, and as he had been accustomed to do. To this charge of the court, as above detailed, the plaintiff excepted.

The writ was dated and issued July 18th, 1867, and served on the defendant October 16th, 1867. The plaintiff claimed that he was entitled to recover damages up to the time of service of the writ, but the court ruled otherwise, and instructed the jury that he could only recover damages up to the time the writ was issued, to which the plaintiff also excepted. Verdict for the defendant. To the charge of the court in the particulars above named the plaintiff excepted.

*J. T. Allen* and *W. D. Crane*, for the plaintiff, cited, upon the point as to the plaintiff's right to the substituted portion of the way, Green. Ev., vol. 2, p. 677, § 631 ; ib., p. 596, § 538 ; *Bailey* v. *Fairfield*, Brayt. R., 128 ; *Page* v. *Weathersfield*, 13 Vt., 424 ; *Blodgett* v. *Royalton*, 14 Vt., 288 ; Gen. Sts., ch. 24, §§ 1 and 74. And that the plaintiff was entitled to recover for any damage proved prior to the service of the writ, *Allen* v. *Mann*, 1 D. Chip., 94 ; *Downer* v. *Garland*, 21 Vt., 362 ; *Hutchins* v. *Parkhurst*, 1 Aik., 258 ; Green. Ev., vol. 2, p. 670, §624.

*L. H. Bisbee* and *J. G. Grout, Jr.*, for the defendant, cited, to the first of the above points, *Rugby Charity* v. *Merryweather*, 11 East, 375, n. ; *State* v. *Wilkinson*, 2 Vt., 480 ; *Pomeroy* v. *Mills*,

3 Vt., 279 ; *Abbott* v. *Mills*, ib., 521 ; *State* v. *Catlin*, ib., 530 ; Ang. on Highways, § 142 and cases cited ; *Morse* v. *Ranno*, 32 Vt., 600 ; *Wright* v. *Tukey*, 3 Cush., 290 ; *Farmon* v. *Pratt*, 8 Pick., 339 ; *Russell* v. *Jackson*, 2 Pick., 574. As to the second point, see *Day* v. *Lamb*, 7 Vt., 426 ; *Hall et al.* v. *Peck et al.*, 10 Vt., 474 ; *McDaniels* v. *Reed*, 17 Vt., 674 ; 36 Maine, 440 ; *Hogan* v. *Cuyler*, 8 Cowan, 203 ; *Ford* v. *Phillips*, 1 Pick., 202.

The opinion of the court was delivered by

ROSS, J.   The exception now insisted on is to that part of the charge in which the court, in substance, instructed the jury that the defendant would have the right to use that part of the road in question as a pent road, as he had been accustomed to do, if they found it had been substituted for the old highway, and used in the manner indicated by the testimony of Arnold Prouty, even though it had been so used less than fifteen years, for instance twelve years.

The acts of the plaintiff's grantor, which the jury, under the instruction of the court, must have found were performed in fencing up and plowing a portion of the regularly laid out highway, and in making the way in question, for the portion thus taken by him, were as unequivocal acts of a dedication of the substituted portion for the portion of the highway taken, as the owner of the soil could well perform.   They indicated a clear purpose to dedicate the way made by him for that portion of the highway taken, so long, at least, as he continued to use and occupy the portion of the highway taken, and failed to restore it to the public in a condition suitable to be traveled.   Whether it was such a dedication that he could not recover it from the use of the public for a highway, if the town authorities or public had been dissatisfied with the exchange, and compelled the opening of the regularly laid out highway, we have no occasion to inquire or decide.   We are satisfied that it was such a giving of the substituted portion to the use of the public as amounted to a license or permission to the public to use it, in place of that portion of the highway taken. The plaintiff, by continuing to use and occupy the old highway, and by allowing the public to use the substituted way, adopted the

acts of his grantor, and continued the license and permission to the public to use the substituted way, and could not maintain an action against any one for using it until he revoked the license thus given by his grantor and himself. There is nothing in the case to indicate that he has ever done this. We do not decide whether he could revoke the permission thus given to the public to use the substituted way without restoring the old way. Upon general principles, it would seem he should be held to the exchange of ways thus voluntarily made by his grantor and adopted by him, so long as the town authorities remain satisfied therewith, or, at least, until he places the public in the use of the old highway, in as good a condition to be used as a highway as it was when he made the exchange. In justice, the plaintiff ought not to be allowed to reap an advantage from the wrongs of his grantor, which have been adopted and continued by himself.

The plaintiff claimed the right to recover damages to the time of the service of his writ. In both counts of the declaration he alleges the injuries to have been committed between a day named and the date of the writ. He has thus limited himself to a recovery for injuries committed previously to the date of his writ. What might have been his rights, in this respect, under a different declaration, is not involved in the solution of this case.

The judgment of the county court is affirmed.